IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN  DIVISION

TOBY LAWSHAWN OLIVER                                              PLAINTIFF

VS.                                              CIVIL ACTION NO. 4:09cv169- FKB

BILLY SOLLIE, ET AL.                                              DEFENDANTS

MEMORANDUM OPINION AND ORDER

The Court held an omnibus hearing in this matter, at which time it conferred with the

plaintiff and counsel for the defendants in this suit founded upon 42 U.S.C. § 1983. At that

hearing, the parties consented to have a United States Magistrate Judge conduct any and all

further proceedings in the case and order the entry of final judgment, and the District Judge

subsequently entered an order of reference. 28 U.S.C. § 636(c), Fed. R. Civ. P. 73. Oliver is

proceeding in this matter *in forma pauperis*. 28 U.S.C. § 1915(e). After the Omnibus Hearing[1],

the Court issued a Memorandum Opinion and Order (Docket No. 31) finding that the plaintiff's

inadequate medical care claim should be dismissed as frivolous, but that his claims related to his

conditions of confinement should go forward.  Since entry of that Order (Docket No. 31), the

defendants have separately moved for summary judgment on the plaintiff's remaining claims.  In

its Motion for Summary Judgment and Memorandum in support thereof (Docket Nos. 32 and

33), Southern Health Partners argues that there has been no violation of the plaintiff's federally

protected rights and that no alleged violation is attributable to Southern Health Partners.  The

remaining defendants, Lauderdale County, Sheriff Billy Sollie, and Major Laurie Robinson

(hereinafter "Lauderdale Defendants"), have moved for summary judgment,  see Docket Nos. 36

---

[1]See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

and 37, and argue that they are entitled to dismissal of the case because the plaintiff failed to exhaust his administrative remedies before he filed this action.  See  Dillon v. Rogers, 596 F.3d 260, 272-273 (5th Cir. 2010). Plaintiff has failed to respond to either of these motions for summary judgment.  For the reasons explained in this Memorandum Opinion and Order, the Court finds that all of the defendants are entitled to dismissal.

I. Discussion

In the Memorandum Opinion and Order entered at Docket No. 31, the Court found that there was insufficient evidence to evaluate the plaintiff's allegations regarding an alleged staph infection outbreak and conditions at the Lauderdale County Detention Facility (hereinafter "LCDF").  The Court determined that there are two components to the plaintiff's claim.  First, the plaintiff claims that the "Defendants violated his constitutional rights because they were aware of a staph outbreak in the Plaintiff's housing unit and, in particular, in his cell, and did nothing to stop it."  Docket No. 31 at 6-7.  Second, the plaintiff claims "that the staph outbreak was a result of the Defendants' custom or practice that failed to sanitize the cells, failed to eradicate the staph bacteria, and failed to quarantine the infected living quarters, thus causing him to become infected with staph."  Id. at 7.

As stated above, Southern Health Partners has moved for summary judgment, arguing, in essence, that the plaintiff's claims fail to rise to the level of a constitutional violation, that no alleged violation of Oliver's rights is attributable to Southern Health Partners, or, alternatively, that these claims should be dismissed as legally "frivolous" pursuant to 28 U.S.C. § 1915(e)(2)(B).   In their Motion for Summary Judgment, the Lauderdale Defendants assert that

they are entitled to dismissal of all of the Plaintiff's claims because he has failed to exhaust his administrative remedies.  They also point out that they and Southern Health Partners urged this affirmative defense in their respective Answers and Defenses.  See Docket Nos. 19 at 1 and 20 at 1, 5.  Plaintiff has failed to refute this defense and, furthermore, has failed to respond in any manner to the Motions for Summary Judgment.

Summary judgment is appropriate when "the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56 (c).  The Court construes all facts and inferences in the light most favorable to the nonmoving party when deciding a motion for summary judgment.  See Murray v. Earle, 405 F.3d 278, 284 (5th Cir. 2005).

Under the relevant portion of 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner must properly exhaust "such administrative remedies as are available" prior to filing a § 1983 action concerning prison conditions. 42 U.S.C. § 1997e(a) (2006).  In Booth v. Churner,, the United States Supreme Court held that 42 U.S.C. § 1997e now requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures.  Booth v. Churner, 121 S. Ct. 1819, 1825 (2001).  The United States Supreme Court has further held that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  See Porter v. Nussle, 122 S. Ct. 983 (2002); see also Jones v. Bock, 127 S. Ct. 910 (2007)(reaffirming that exhaustion is mandatory; stating that it is an

affirmative defense.).  According to the Fifth Circuit,

> [w]hether a prisoner has exhausted administrative remedies is a mixed question of law and fact.  Similarly, while it is a question of law whether administrative remedies qualify as being "available" under 42 U.S.C. § 1997e(a), availability may sometimes turn on questions of fact.
>
> Since exhaustion is an affirmative defense, the burden is on the [defendants] to demonstrate that [the plaintiff] failed to exhaust available remedies.  Consequently, [the defendants] must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor.

Dillon, 596 F.3d at 266 (citations omitted).

The Lauderdale Defendants further assert that all defendants are entitled to summary judgment based on the framework set forth by the Fifth Circuit in Dillon.  In Dillon, the Fifth Circuit held that

> [w]hen the defendant raises exhaustion as an affirmative defense, the judge should usually resolve disputes concerning exhaustion prior to allowing the case to proceed to the merits.  If the plaintiff survives summary judgment on exhaustion, the judge may resolve disputed facts concerning exhaustion, holding an evidentiary hearing if necessary. Then, if the judge determines that the plaintiff has exhausted administrative remedies or that his or her failure to exhaust should be excused, the case may proceed to the merits.

Id. at 273 (citations omitted).

Considering the guidance of the foregoing authorities, and based on the record in this case, the Court concludes that the plaintiff failed to exhaust the administrative remedies available to him prior to filing this action. The defendants have separately raised exhaustion as affirmative defenses, and the Lauderdale Defendants moved for summary judgment on this basis.  In the plaintiff's complaint, he failed to answer or respond to the questions presented by the § 1983

form regarding exhaustion. The Lauderdale Defendants present evidence that a grievance process or administrative remedy exists at the LCDF, and that it was in effect during the plaintiff's incarceration at the facility.  Docket No. 36-1. The Lauderdale Defendants assert that although Plaintiff Oliver was familiar with the grievance process, he failed to submit any grievances related to the claims brought in this lawsuit.  Id.   As further support of this argument, the Lauderdale Defendants present all of the grievances submitted by the plaintiff during his incarceration at the LCDF, and none of them relates to his claims brought in this action. Id. at Ex. C.  Plaintiff has failed to refute this evidence in any manner.  Accordingly, because the undisputed evidence demonstrates that the plaintiff failed to exhaust his administrative remedies on the claims he presents in this action, all of the defendants are entitled to summary judgment on this basis.

## II. Conclusion

For the reasons stated in this Memorandum Opinion and Order, the Court finds that the plaintiff failed to exhaust his administrative remedies.  Accordingly, the defendants are entitled to summary judgment on this basis, and the plaintiff's claims against the defendants are dismissed without prejudice as to all defendants.  Furthermore, because this claim lacks an arguable basis in law, the court hereby dismisses it, without prejudice, as "frivolous" under 28 U.S.C. § 1915(e).[2]  A separate judgment will be entered pursuant to Rule 58 of the Federal Rules

---

[2]The term "frivolous" in the context of  28 U.S.C. § 1915(e) does not mean that the plaintiff has failed to state a claim, "but it is to be equated with the raising of a wholly insubstantial federal claim."  Wilson v. Barrientos, 926 F.2d 480, 482 (5th Cir. 1991).  In other words, the action may be dismissed if it has no arguable basis for relief either in law or fact.  Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994).  Thus, a case may be found to be legally "frivolous"

of Civil Procedure.

       SO ORDERED, this the 22nd day of August, 2011.

               /s/____F. Keith Ball_____

                UNITED STATES MAGISTRATE JUDGE

---

where it seeks to assert a "right" or address a "wrong" clearly not recognized by federal law.  <u>See</u>, <u>e.g.</u>, <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989).